IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Sean A. Roundtree,<br><br>    Plaintiff,<br>vs.<br><br>Michael E. Nesbitt, et al.,<br><br>    Defendants. | No.  CV-16-00369-PHX-SPL<br><br>**ORDER** |

Before the Court are Plaintiff's Complaint (Doc. 1), Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. 2), Motion for Marshal Service (Doc. 3), Motion to Allow Electronic Filing (Doc. 4), Motion to Appoint Counsel (Doc. 8), and Motion for Alternate Service (Doc. 11).

**I.    Application to Proceed in District Court Without Prepaying Fees or Costs**

The district court may permit indigent litigants to proceed in forma pauperis upon completion of a proper affidavit of indigence. *See* 28 U.S.C. § 1915(a). In the application to proceed without prepaying fees or costs, Plaintiff declares under penalty of perjury that he is unable to pay the filing fee and other costs associated with this case. Plaintiff presents financial information to support his application. Given Plaintiff's lack of income and the absence of any significant assets, his motion will be granted.

**II.    Plaintiff's Complaint**

With respect to in forma pauperis proceedings, the Court shall dismiss such action at any time if it determines that:

> (A) the allegation of poverty is untrue; or (B) the action or appeal – (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2). *See also Lopez v. Smith*, 203 F.3d 1122, 1126 fnt. 7 (9th Cir. 2000) (28 U.S.C. § 1915(e) "applies to all in forma pauperis complaints," not merely those filed by prisoners). The Court must therefore dismiss an in forma pauperis complaint if it fails to state a claim or if it is frivolous or malicious. *Lopez*, 203 F.3d at 1127 ("It is also clear that section 1915(e) not only permits but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim."); *Franklin v. Murphy*, 745 F.2d 1221, 1226-27 (9th Cir. 1984).

In his 82-page complaint, Plaintiff Sean Alex Roundtree brings sixteen claims alleging that he received inadequate medical treatment following a 1989 sports-related injury that purportedly ended his career in 1993. This is the sixth action Plaintiff has filed in connection with this career-ending injury; in almost all respects, it emulates the first five.

Plaintiff's first action was dismissed by Judge Snow pursuant to 28 U.S.C. § 1915(e)(2) for failure to state a claim and the grounds for the Court's subject-matter jurisdiction. *See Roundtree v. Colangelo*, No. CV-12-01491-PHX-GMS (D. Ariz. Aug. 6, 2012). Judge Teilborg dismissed Plaintiff's second action for failure to state a claim after Plaintiff failed to timely file an amended complaint that cured the deficiencies identified by the Court. *See Roundtree v. Colangelo*, No. CV 12-02044-PHX-JAT (D. Ariz. Nov. 6, 2012). Plaintiff's third action was again dismissed by Judge Wake for failure to comply with Rule 8 and for failure to file a timely amended complaint. *See Roundtree v. Phoenix Suns, LP*, No. CV-14-00438-PHX-NVW (D. Ariz. Mar. 11, 2014). While Judge Campbell also dismissed Plaintiff's fourth action for failure to state a claim, he declined to give Plaintiff leave to amend, noting that in each of the preceding actions "Plaintiff ha[d] not amended his complaint, but instead [] revised the complaint and filed a new action. Through the four lawsuits commenced since 2012, Plaintiff clearly ha[d] received

a fair opportunity to plead his case. His recurring unsuccessful filings make clear that any additional leave to amend would be futile. The Court [could not] justify devoting further federal court resources to Plaintiff's claims…" *Roundtree v. Phoenix Suns, LP*, CV-14-00929-PHX-DGC (May 15, 2014). Plaintiff nevertheless then commenced a fifth case alleging, as here, that in February 2015, he discovered "that the true seat of his 6/18/93 industrial injury troubles may lay at the hands of Mr. Nesbitt, Dr. Lewicky and Dr. Hershey's deliberate indifference to [his] serious medical needs regarding his August 1989, sesamoidectomy, post-operative care and treatment, follow-up, monitoring and the untreated progression of his valgus deformity." *Roundtree v. Arizona Board of Regents*, No. CV-15-01121-PHX-DLR, Doc. 1 ¶ 68 (D. Ariz. Jun. 18, 2015). In a detailed 9-page order, Judge Rayes screened that complaint, identified various defects (including that as pled, Plaintiff's claims were barred by the applicable statutes of limitation), and provided Plaintiff with leave to amend. *Id.* at Doc. 15 (Jul. 28, 2015). However, finding Plaintiff's subsequent amended complaint also suffered from the same defects, Judge Rayes dismissed the action *Id.* at Docs. 27 (Sep. 23, 2015).

In short, the instant complaint is effectively identical to Plaintiff's prior complaint (*see e.g.,* Doc. 1 ¶ 49) and it remains flawed for the very reasons previously espoused; the Court has nothing of benefit to contribute to this dialogue. Commencing a new case is not the appropriate vehicle through which to attempt to cure deficiencies identified in a prior action. Because Plaintiff has been afforded ample opportunity to present his allegations in a simple, concise, and direct manner that is sufficient to state a claim for relief, but has repeatedly failed to do so, the Court concludes that further opportunities to amend would be futile, and will dismiss this action without leave to amend. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992); *McHenry v. Renne*, 84 F.3d 1172, 1177 (9th Cir. 1996). Accordingly,

**IT IS ORDERED:**

1. That the Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. 2) is **granted**;

3

      2.     That the Complaint (Doc. 1) is **dismissed**;

      3.     That the Motion for Marshal Service (Doc. 3), Motion to Allow Electronic Filing (Doc. 4), Motion to Appoint Counsel (Doc. 8), and Motion for Alternate Service (Doc. 11) are **denied as moot**; and

      4.     That the docket shall reflect that the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3) and Federal Rules of Appellate Procedure 24(a)(3)(A), that any appeal of this decision would not be taken in good faith.

Dated this 26th day of February, 2016.

_____
Honorable Steven P. Logan
United States District Judge